WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Arron Eugene Mowry,

Plaintiff,

v.

Balashi (M.D.), et al.,

Defendants.

No. CV 13-2210-PHX-SMM (MEA)

**ORDER**

Before the Court is a Motion to Dismiss filed by Defendant Steinhauser. (Doc. 48.)

**I. Background**

On October 29, 2013, Plaintiff, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. §1983 alleging that he was denied constitutionally adequate medical treatment when he was confined in the Maricopa County Lower Buckeye Jail. Plaintiff's Complaint was dismissed for failure to state a claim, and Plaintiff filed a First Amended Complaint. (Doc. 12.)

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff's First Amended Complaint stated a claim and directed Defendant Balashi to answer. (Doc. 13.) On May 22, 2014, Plaintiff filed a motion (Doc. 31) seeking to voluntarily dismiss Balashi as a Defendant, a motion (Doc. 32) seeking leave to amend his complaint because he had named the wrong person as a defendant, and a motion (Doc. 33) seeking

leave to "join" the proper parties. On June 30, 2014, Plaintiff lodged a proposed Second Amended Complaint ("SAC") identifying Dr. Steinhauser as the person he now believes was responsible for his harm. In a July 7, 2014 Order, the Court granted Plaintiff's motions, and gave leave to file the proposed SAC, effectively substituting Dr. Steinhauser for Dr. Balashi as the Defendant in this matter, and ordered service on Defendant Steinhauser. (Doc. 42.) In a subsequent Order, the Court dismissed Balashi from this action. (Doc. 46.)

Plaintiff's SAC is nearly identical to his First Amended Complaint except for the substitution of Dr. Steinhauser for Dr. Balashi. In his SAC (Doc. 42), Plaintiff alleges that he had a torn rotator cuff, as evidenced by x-rays ordered from Phoenix Baptist Hospital, Defendant Steinhauser's physical examinations, and an orthopedic doctor's consultation. Steinhauser examined Plaintiff on April 24, 2012 and prescribed Elavil for Plaintiff's pain, even though Elavil is an antidepressant and not a pain reliever. Plaintiff had submitted three Health Needs Requests ("HNRs") complaining about his injury and pain before that appointment and submitted six more HNRs after his appointment complaining that his pain was getting worse and causing more injury. Different nurses processed and signed those HNRs and forwarded them to Steinhauser.

Plaintiff submitted a grievance on May 15, 2012, and a grievance appeal on May 22, 2012, complaining that he was in serious pain, that he was not receiving proper medical care, and that he needed immediate treatment. The responses to his grievance and appeal "were attempts to use the medication gabapentin that [Plaintiff] was getting through the psych Doctor for [his] mental disorder (bipolar, anxiety, depression) as an excuse & as a means of pain relief." (Doc. 43 at 5.) Plaintiff's grievance was dismissed with an explanation that Plaintiff was receiving Gabapentin for pain relief even though Steinhauser had stated that Plaintiff "only wanted narcotics" and that narcotics and Gabapentin were not indicated for degenerative arthritic pain and that Steinhauser would not prescribe them to Plaintiff. Instead, Steinhauser prescribed Elavil "because she

thought [Plaintiff] was malingering or faking [his] injury & pain to get narcotics from her." (*Id.*)

After about five weeks, Plaintiff began receiving Tramadol for his pain, but it was ineffective, even when the dosage was increased. Because of the pain, Plaintiff could not perform physical therapy to strengthen the muscles surrounding the injury and the separation in his shoulder became worse and would not heal, which caused more pain and suffering and a deformity in Plaintiff's shoulder. Between May 20, 2012 and July 9, 2012, Plaintiff submitted 17 HNRs "explaining the problem." (Doc. 43 at 7.) On July 25, 2012, Plaintiff saw an orthopedic doctor and was given an injection of Turadol, but it was "not fully effective." (*Id.*) At the end of July, Plaintiff was transferred to the Maricopa County Fourth Avenue Jail, where he continued seeking treatment and requesting pain relief. Plaintiff was given a prescription for Vicodin in addition to the Tramadol. The Vicodin helped enough to allow Plaintiff to do physical therapy. Because of the delay in medical care, Plaintiff was subjected to a "significant amount of pain and suffering for an unnecessarily long period of time," which caused permanent damage and a deformity in his shoulder. Plaintiff's injury healed abnormally and left him slightly disfigured, with his left arm hanging a little lower than his right arm, and he still has problems.

## II. Legal Standard

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The principle that a court accepts as true all of the allegations in a complaint does not apply to

legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . ., yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180.

## III. Analysis

Defendant contends that Plaintiff's allegations, at most, show a difference of opinion regarding how his pain should be treated, or possibly negligence, and do not amount to deliberate indifference to a serious medical need. (Doc. 48 at 3-5.)

Plaintiff alleges that he was in significant pain due to a shoulder injury, that Defendant was aware of his pain from his HNRs and examining him, and that Defendant failed to provide adequate pain relief for at least five weeks. As a result, Plaintiff alleges that he was unable to do physical therapy, which resulted in permanent damage and disfigurement. These facts, if true, would entitle Plaintiff to relief.

Accordingly, Defendant's Motion to Dismiss is denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendant's Motion to Dismiss. (Doc. 48.) All other matters must remain referred to the Magistrate Judge for disposition as appropriate.

(2) Defendant's Motion to Dismiss (Doc. 48) is **denied**.

(3) Defendant Steinhauser must file an Answer to the SAC within 10 days of this Order.

DATED this 1st day of April, 2015.

Honorable Stephen M. McNamee
Senior United States District Judge